# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAYLA WANAT,** | : | **CIVIL NO. 4:13-CV-1366** |
| **Plaintiff,** | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **STATE FARM MUTUAL** | : | |
| **AUTOMOBILE INS. CO.,** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This case, which comes before us on a motion to dismiss, involves an under-insured motorist insurance policy claim. With respect to this claim, the well-pleaded facts can be simply stated: On January 9, 2011, the plaintiff, Kayla Wanat was injured when the car she was driving was struck from behind by a vehicle operated by Billy Dolan. (Doc. 1, ¶5-13.) As a result of this accident, Wanat suffered serious bodily injuries, was unable to work for several months, and incurred substantial medical expenses, while enduring significant pain and suffering. (Id., ¶¶19-36.) The driver who struck Ms. Wanat, Billy Dolan, was an underinsured motorist because he had retained an insurance policy which had liability limits of only $50,000. (Id., ¶38.) On January 3, 2013, Dolan's insurance carrier offered to settled Wanat's claims for $48,000, slightly below the policy limits. After State Farm waived its subrogation

rights, Wanat accepted this settlement offer. (Id., ¶¶39-41.)

Wanat's policy with her own insuranec company, State Farm, provided for underinsured motorist coverage in the amount of $25,000, and liability limits of $25,000, non-stacked. (Id., ¶¶ 41-43.) Immediately following her settlement with Dolan's insurance carrier, in February 2013, Wanat submitted a claim to State Farm for underinsured motorist benefits under her policy with the defendant. This claim was allegedly supported by correspondence and medical records.[1] In March 2013, State Farm declined to pay this claim, advising Wanat that she had been fairly compensated for her injuries by Dolan's carrier, and that no further underinsured motorist payments would be forthcoming from State Farm. (Id., ¶¶44-48.)

This litigation then ensued with Wanat filing a complaint against State Farm in the Court of Common Pleas of Tioga County in April, 2013. In this complaint Wanat set forth the factual recital described above and then advanced three claims against State Farm alleging: first, that State Farm had breached its underinsured motorist insurance contract with the plaintiff, (Count I); second, that State Farm had engaged in a bad faith denial of insurance coverage in violation of 42 Pa.C.S. §8371, (Count II); and third, that State Farm's handling of this claim violated Pennsylvania's Unfair

---

[1]These records are referred to in Wanat's state court complaint, and were allegedly attached to the complaint, but are not part of the record of this case that was removed and filed in federal court.

2

Trade Practices and Consumer Protection Law, 75 Pa.C.S. §201-1, (Count III).

State Farm timely removed this action from state court, and then filed the instant motion to dismiss. (Doc. 4.) In this motion State Farm sought to dismiss Count I of the complaint, the breach of contract claim, to the extent that State Farm construed this claim to also include a claim of a breach of a duty of fair dealing beyond the contract itself. In addition, State Farm sought dismissal of Wanat's bad faith denial of insurance coverage claims and Wanat's claim that State Farm's handling of this claim violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 75 Pa.C.S. §201-1.

Wanat has responded to this motion to dismiss by advising the court that she will not pursue either a general duty of fair dealing claim, or a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 75 Pa.C.S. §201-1. (Doc. 12, pp. 6 and 9.) In light of these concessions, the only remaining disputed issue before the court relates to the legal sufficiency of Wanat's claim that State Farm engaged in a bad faith denial of insurance coverage in violation of 42 Pa.C.S. §8371. As to this sole remaining claim, beyond the factual general factual recital set forth in the complaint, a recital which is allegedly buttressed in some fashion by exhibits which are not attached to the complaint filed in federal court, the complaint simply relies on averments which paraphrase the elements of a bad faith

claim under Pennsylvania law by alleging in a conclusory manner that State Farm lacked a reasonable basis for denying Wanat's claim, acted knowingly and recklessly, and failed to properly investigate, evaluate and compensate this claim. (Doc. 1, ¶¶63-69.)

This motion to dismiss is now fully briefed and ripe for resolution. For the reasons set forth below, it is recommended that the motion be granted, but without prejudice to the plaintiff filing an amended complaint setting forth the elements of a bad faith claim with greater clarity.

**II.     Discussion**

    **A.     Motion to Dismiss–Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level."

Twombly, 550 U.S. 544, 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. Id. at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also, U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or

explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.") However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien &Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

### B. Legal Standards Governing Bad Faith Insurance Denial Claims

Pennsylvania law provides for a cause of action by insurance customers against insurance companies that engage in bad faith claims handling, stating that:"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) Award punitive damages against the insurer; (3) Assess court costs and attorney fees against the insurer." 42 Pa. C. S. § 8371.

Under Pennsylvania law, "[b]ad faith is a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured. See Coyne v. Allstate Ins. Co., 771 F.Supp. 673, 678 (E.D.Pa.1991) (bad faith is failure to acknowledge or act promptly on the claims, or refusing to pay without reasonable investigation of all available information); Romano v. Nationwide Mut. Fire Ins. Co.,

435 Pa.Super. 545, 646 A.2d 1228 (1994)." <u>Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.</u>, 193 F.3d 742, 751 (3d Cir. 1999). "Ultimately, in order to recover on a bad faith claim, the insured must prove: (1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim." <u>Nw. Mut. Life Ins. Co. v. Babayan</u>, 430 F.3d 121, 137 (3d Cir. 2005). Case law sets exacting standards for any bad faith claim. As the court of appeals has observed:

> In the primary case construing bad faith under 42 Pa.C.S.A. § 8371, <u>Terletsky v. Prudential Property & Casualty Co.</u>, the Superior Court of Pennsylvania explained:
>
>> "Bad faith" on [the] part of [an] insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.
>
> 437 Pa.Super. 108, 125, 649 A.2d 680, 688 (Pa.Super.Ct.1994) (quoting Black's Law Dictionary 139 (6th ed.1990)). <u>Terletsky</u> held that, "to recover under a claim of bad faith," the insured must show that the insurer "did not have a reasonable basis for denying benefits under the policy and that the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim." <u>Id</u>. Thus, an insurer may defeat a claim of bad faith

> by showing that it had a reasonable basis for its actions. Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 307 (3d Cir.1995). Our Court has described "the essence of a bad faith claim" as "the unreasonable and intentional (or reckless) denial of benefits." UPMC Health Sys. v. Metro. Life. Ins. Co., 391 F.3d 497, 506 (3d Cir.2004).
>
> Bad faith "must be proven by clear and convincing evidence and not merely insinuated." Terletsky, 649 A.2d at 688 (collecting cases). As the District Court noted, this heightened standard requires the insured to provide evidence "so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith." Bostick v. ITT Hartford Grp., 56 F.Supp.2d 580, 587 (E.D.Pa.1999) (citations omitted).

Amica Mut. Ins. Co. v. Fogel, 656 F.3d 167, 179 (3d Cir. 2011).

### C. The Bad Faith Claim in this Case Should be Dismissed Without Prejudice

These legal benchmarks, which set precise benchmarks of pleading and proof for bad faith claims, dictate the recommended outcome in the instant case. "Many federal district courts have recently been called upon to evaluate bad faith complaints in light of Iqbal and Twombly. Under these Supreme Court decisions, plaintiffs must plead sufficient facts to make out a plausible claim for relief against the defendant. See Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557). In the bad faith context, district courts have required more than 'conclusory' or 'bare-bones' allegations that an insurance company acted in bad faith by listing a number of

8

generalized accusations without sufficient factual support. See, e.g., Liberty Ins. Corp. v. PGT Trucking, Inc., Civ. A. No. 11–151, 2011 WL 2552531, at *4 (W.D.Pa. Jun. 27, 2011); Pfister v. State Farm Fire & Cas. Co., Civ. A. No. 11–799, 2011 WL 3651349 (W.D.Pa. Aug. 18, 2011); Atiyeh, 742 F.Supp.2d at 599 ('However, these averments are merely conclusory legal statements and not factual averments.')." Palmisano v. State Farm Fire & Cas. Co., CIV.A. 12-886, 2012 WL 3595276 (W.D. Pa. Aug. 20, 2012). See Yohn v. Nationwide Ins. Co., 1:13-CV-024, 2013 WL 2470963 (M.D. Pa. June 7, 2013)(collecting cases). Thus, the assessment of the sufficiency of a particular complaint often turns on the specificity of the pleadings, and calls for recital of specific factual allegations from which bad faith may be inferred in order to defeat a motion to dismiss. Compare Sypeck v. State Farm Mut. Auto. Ins. Co., 3:12-CV-324, 2012 WL 2239730 (M.D. Pa. June 15, 2012) with Zimmerman v. State Farm Mut. Auto. Ins. Co., 3:11-CV-1341, 2011 WL 4840956 (M.D. Pa. Oct. 12, 2011).

Here, we find that the plaintiff's complaint is in many respects a conclusory document, which typically would be subject to dismissal. Indeed, given the fact that Wanat settled her claim against the allegedly underinsured motorist, Dolan, for less than Dolan's $50,000 policy limits immediately prior to making an underinsured motorist policy demand upon State Farm, this bad faith claim calls out for the recital

9

of additional factual details explaining why State Farm's decision to decline payment of these underinsured benefits when the full underlying policy limits were not collected represents a bad faith decision. However, in this case, one additional factor complicates the assessment of the plaintiff''s pleadings. In her response to this motion to dismiss Wanat defends her complaint, in large measure, by alleging that the exhibits she originally included with her state court complaint would provide the much-needed factual detail that is essential to adequately plead this bad faith claim. Regrettably, those state court exhibits are not contained in the record before us, and it is well-settled that a plaintiff cannot amend a complaint through the filing of a brief, or through arguments set forth in a brief opposing a dispositive motion. Indeed, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)); cf. Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6).").

Given the conclusory nature of the pleading before us, and the absence in the current record of any information which would give this claim further well-pleaded factual underpinnings, we recommend that the motion to dismiss be granted.

However, consistent with the past practice of other courts that have been confronted with similar claims in bad faith litigation, we recommend that this dismissal be without prejudice to the plaintiff endeavoring to correct this deficiencies in this complaint by pleadings further facts in support of this bad faith claims. See Cacciavillano v. Nationwide Ins. Co. of Am., 3:12-CV-530, 2012 WL 2154214 (M.D. Pa. June 13, 2012)(dismissing bad faith claim with leave to amend).

### III. Recommendation

Accordingly, for the foregoing reasons, the IT IS RECOMMENDED that Motion to Dismiss be GRANTED with respect to the Plaintiff's bad faith denial of insurance coverage claims (Count II) and Wanat's claim that State Farm's handling of this claim violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 75 Pa.C.S. §201-1, (Count III), but IT IS FURTHER RECOMMENDED that Count II of the Plaintiff's complaint be DISMISSED without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after

11

being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of October, 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
